IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANTHONY STEWART,
     Petitioner,

v.                                        Civil No. 3:26cv548 (DJN)

CLINT DAVIS, *et al.*,
     Defendants.

**MEMORANDUM OPINION**

Shaun Stewart ("Mr. Stewart"), has filed this action on behalf of his brother, Anthony

Stewart, who is a Virginia inmate. Mr. Stewart signed the Complaint, *in forma pauperis*

affidavit, and accompanying motions, purportedly as "next friend" for his brother. (*See* ECF

No. 1 at 36.) Because Mr. Stewart may not proceed *pro se* as a "next friend" for his brother, the

action will be DISMISSED for lack of jurisdiction.

Parties may plead and conduct their own cases personally or by counsel in all courts of

the United States. *See* 28 U.S.C. § 1654. "The right to litigate for oneself, however, does not

create a coordinate right to litigate for others." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395,

400 (4th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). In

concluding that non-attorney parents generally may not litigate their claims for minor children in

federal court (*id.* at 401), the Fourth Circuit explained:

> The reasoning behind this rule is two-fold: it protects the rights of those before the
> court, *see id.* ("the competence of a layman [litigating for] himself [is] clearly too
> limited to allow him to risk the rights of others"), and jealously guards the
> judiciary's authority to govern those who practice in its courtrooms, *see Collinsgru
> v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum
> level of competence protects not only the [client] but also his or her adversaries and
> the court from poorly drafted, inarticulate, and vexatious claims.").

*Id.* at 400. Simply put, Mr. Stewart may not litigate the *pro se* claims of his brother. *Id.* at 401.

Because Mr. Stewart lacks standing to bring claims on behalf of his brother, this Court lacks jurisdiction to hear the claims. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Nevertheless, the Clerk will be DIRECTED to send Anthony Stewart a standard form for filing a 42 U.S.C. § 1983 complaint at his institutional address. If Anthony Stewart wishes to pursue such a complaint, he may complete the form and return it to the Court, and it will be filed as a new civil action.

An appropriate Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Mr. Stewart and Anthony Stewart.

                                                            /s/
                                                   David J. Novak
Richmond, Virginia                                 United States District Judge
Date: June 30, 2026